IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| TALON MANAGEMENT SERVICES, LLC, TALON OP., LP, and TALON REAL ESTATE HOLDING CORPORATION, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | 2:19-CV-205-Z-BR |
| GOLIATH ASSET MANAGEMENT, LLC, 6PROPS, LLC, DINISH PATEL, and MILAN PATEL, | § § § § § | |
| Defendants. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION TO DISMISS**

The case was referred to the undersigned United States Magistrate Judge for pretrial management under 28 U.S.C. § 636(b) and a Standing Order of Reference from United States District Judge Matthew J. Kacsmaryk. (ECF 10). For the reasons discussed below, the undersigned recommends that Plaintiffs' Third Amended Complaint (ECF 59) be dismissed without prejudice for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(h)(3).

### I.   PROCEDURAL HISTORY

Plaintiffs Talon Management Services, LLC ("Talon Management"), Talon OP., LP ("Talon OP"), and Talon Real Estate Holding Corporation ("Talon Real Estate") filed a Verified Complaint and Request for Preliminary Injunction Against Defendants Goliath Asset Management, LLC ("Goliath"), 6Props, LLC ("6Props"), Dinish Patel, and Milan Patel ("Complaint") on October 31, 2019. (ECF 1). The District Judge entered an Order on May 1, 2020 noting that "Plaintiffs' complaint appears to predicate subject matter jurisdiction upon diversity of citizenship," but "the Court ascertains that the complaint fails to properly allege the parties'

citizenship." (ECF 37 at 2); *see* 28 U.S.C. § 1332. The Order states that Plaintiffs failed to properly plead the citizenship of Plaintiff Talon Management and Defendants Goliath and 6Props, which are all alleged to be limited liability corporations, and Plaintiff Talon OP, which is alleged to be a limited partnership. (ECF 37 at 2). As such, the District Judge ordered Plaintiffs to properly allege the citizenship of all parties and granted Plaintiffs leave to file an amended complaint. (*Id.* at 3).

Plaintiffs filed a First Amended Complaint and Request for Preliminary Injunction Against Defendants Goliath, 6Props, Dinish Patel and Milan Patel ("First Amended Complaint") on May 15, 2020. (ECF 39). However, Plaintiffs still failed to properly allege the citizenship of multiple parties in the First Amended Complaint. (*See id.*; ECF 54 at 2). Accordingly, the undersigned United States Magistrate Judge issued an Order to Properly Allege Citizenship on August 13, 2020. (ECF 54). The Court specifically noted the pleading deficiencies related to diversity citizenship in that order, which included failing to properly allege the citizenship of Plaintiffs Talon Management and Talon OP and Defendant Goliath. (*Id.* at 2). The Court further ordered that "Plaintiffs should ensure that their second amended complaint <u>fully and accurately alleges the citizenship of **every** party—*and* **every** individual, member, partner, etc. of **every** party, and so on</u>." (*Id.* at 3) (emphasis in original). The Court ordered Plaintiffs to properly allege the citizenship of all parties and granted Plaintiffs leave to file a second amended complaint. (*Id.*).

Plaintiffs filed a Second Amended Complaint and Request for Preliminary Injunction Against Defendants Goliath, 6Props, Dinish Patel and Milan Patel ("Second Amended Complaint") on August 21, 2020. (ECF 55). Still, Plaintiffs failed to properly allege the citizenship of multiple parties. (*Id.* at 2–8; ECF 57 at 2–3). The Court issued a Second[1] Order to Properly

---

[1] As detailed in this Findings, Conclusions, and Recommendation, the Second Order to Properly Allege Citizenship is the **second** order issued by the undersigned, but the **third** order entered in this case regarding Plaintiffs' failure to properly plead subject matter jurisdiction. (*See* ECF 37; ECF 54; ECF 57).

Allege Citizenship on August 26, 2020. (ECF 57). The Court detailed the pleading deficiencies in Plaintiffs' Second Amended Complaint, which included failing again to properly allege the citizenship of Plaintiffs Talon Management and Talon OP as well as Defendant 6Props. (*Id.* at 2–3). The Court clearly warned Plaintiffs that "[a]lthough the Court [was] inclined, based on Plaintiffs' continued failures to comply with this Court's orders, to recommend to the District Judge that this action be **dismissed without prejudice for want of subject matter jurisdiction**, the Court [would] provide Plaintiffs with **one additional opportunity to cure all remaining subject matter jurisdiction deficiencies**." (*Id.* at 2) (emphasis in original). The Court granted Plaintiffs leave to file a third amended complaint and again ordered Plaintiffs to properly plead the citizenship of all parties. (*Id.* at 3–4).

Plaintiffs filed a Third Amended Complaint and Request for Preliminary Injunction Against Defendants Goliath, 6Props, Dinish Patel and Milan Patel ("Third Amended Complaint") on September 3, 2020. (ECF 59). Again, Plaintiffs state that the Court has subject matter jurisdiction over the action based on diversity of citizenship but, for the reasons discussed below, have failed to properly plead the citizenship of all parties. (*Id.* at 2–15, 17).

## II.    LEGAL STANDARD

Unless otherwise provided by statute, federal court jurisdiction requires: (1) a federal question arising under the Constitution, a federal law, or a treaty, or (2) complete diversity of citizenship between adverse parties, and the matter in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332. Federal courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "The court must always examine whether it has subject matter jurisdiction, and it must do so itself, if necessary, even if a party does

not raise the question whether the court has jurisdiction." *Boone v. Wilson*, No. 3:18-CV-2072-D, 2018 WL 9988322, at *1 (N.D. Tex. Aug. 27, 2018) (citing *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001)). If Plaintiffs do not establish subject matter jurisdiction, the action must be dismissed. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Subject matter jurisdiction exists under 28 U.S.C. § 1332 only when complete diversity of citizenship between the parties exists. *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983)).

### III.   ANALYSIS

Plaintiffs fail to establish subject matter jurisdiction exists under 28 U.S.C. § 1332. The Court has identified numerous deficiencies in Plaintiffs' Third Amended Complaint. Several of these deficiencies appear to be scrivener's errors.[2] For example, Plaintiffs allege in paragraph 91 that Rajun Patel is one of eleven members of CC Hospitality, LLC,[3] which is alleged to be one of seven members of Defendant 6Props, a limited liability company.[4] (ECF 59 at 5, 9). Plaintiffs then

---

[2] The undersigned has included three of these possible scrivener's errors or typos in Plaintiffs' Third Amended Complaint in this Findings, Conclusions, and Recommendation; however, the undersigned is not representing that this is an exhaustive list of all such deficiencies.

[3] "CC Hospitality, LLC has the following members: MP & JP Family, LP, Palak Realty, LLC, Mannubhaj Patel, Ashak Patel, Pathapati Family LP, Kirti Properties, LLC, Ronak Patel, Devyani Patel, YKV Realty, LLC, SPM Holdings, LLC, and Rajun Patel." (ECF 59 at 9).

[4] "Pursuant to records filed by the Defendants in these proceedings, the following individuals are members of Defendant 6Props: Stephenville Lodging, LTD., Prime Lodging, LLC, CC Hospitality, LLC, Stephenville Hospitality, Ltd, Raviraj, LLC, Eastland Hospitality, LLC, and Protea Hospitality, LLC." (ECF 59 at 5).

state in paragraph 125: "**Rajiv** Patel is an individual and citizen of the State of Texas . . . ." (*Id.* at 11) (emphasis added). Due to the placement of this sentence in Plaintiffs' Third Amended Complaint, it appears that Plaintiffs may have intended for this sentence to correspond to **Rajun** Patel. (*See id.* at 9, 11). However, the Court cannot speculate as to whether Plaintiffs' reference to "Rajun Patel" in paragraph 91 or "Rajiv Patel" in paragraph 125 is a scrivener's error. *See Getty Oil Corp.*, 841 F.2d at 1259 ("[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference."). As such, Plaintiffs have not plead the citizenship of Rajun Patel in their Third Amended Complaint. (*See* ECF 59 at 9); *Realty Holding Co. v. Donaldson*, 268 U.S. 398, 399 (1925) (requiring an individual's citizenship to be alleged).

Similarly, Plaintiffs allege in paragraph 140 that "**Ravi** Patel" is one of five members of Raviraj, LLC,[5] which is alleged to be one of the seven members of Defendant 6Props, a limited liability company.[6] (ECF 59 at 5, 12) (emphasis added). However, Plaintiffs later state in paragraph 146 that "**Rajiv** Patel is an individual and citizen of the State of Texas . . . ." (*Id.* at 13) (emphasis added). Again, this appears to be a scrivener's error. Thus, Plaintiffs have not plead the citizenship of Ravi Patel in their Third Amended Complaint. (*See id.* at 12–13); *Realty Holding Co.*, 268 U.S. at 399; *Getty Oil Corp.*, 841 F.2d at 1259.

A third example of an apparent scrivener's error in Plaintiffs' Third Amended Complaint relates to Amram Investments, LLC. Plaintiffs allege that Defendant 6Props "is a manager-

---

[5] "Raviraj, LLC, has the following members: MP & JP Family, LP, Rajan Bhakta, Ravi Patel, Sanjay Bhakta, and Mukesh Bhakta." (ECF 59 at 12).

[6] *See supra* note 4.

managed limited liability company" with two managers[7] and seven members.[8] (ECF 59 at 5). Plaintiffs allege that one of the members is Protea Hospitality, LLC.[9] (*Id.*). Plaintiffs allege that Protea Hospitality, LLC has three members, [10] including Riva Family, LP, which is alleged to be a limited partnership with its general partner being Amram Investments, LLC.[11] (*Id.* at 13–14). Plaintiffs state in paragraph 163: "Pursuant to records available from the Secretary of State for the State of Texas, **Amram Investments, LLC** is a limited liability company incorporated in the State of Texas." (*Id.* at 14) (emphasis added). In the following paragraph, Plaintiffs state that "**Sarasvati, LLC** is a manager-managed limited liability company with one sole manager, Rimal A. Patel." (*Id.*) (emphasis added). The Court notes the possibility that Plaintiffs intended to state "**Amram Investments, LLC** is a manager-managed limited liability company . . ." and that the statement at issue amounts to a scrivener's error, because the sentence immediately follows a statement pertaining to Amram Investments, LLC, and paragraph 158 appears to allege duplicative information. (*Id.*) (emphasis added). But, as currently pleaded, Plaintiffs fail to allege the citizenship of all members of Amram Investments, LLC. (*See id.* at 14); *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017) ("A party seeking to establish

---

[7] "Pursuant to records available from the Secretary of State for the State of Texas, the following individuals are managers of Defendant 6Props: Dinish Patel and Milan Patel." (ECF 59 at 5).

[8] *See supra* note 4.

[9] "Pursuant to records available from the Secretary of State for the State of Texas, Protea Hospitality, LLC is a limited liability company incorporated in the State of Texas, having its principal place of business at 6906 Spring Cherry Lane, Amarillo, Texas 79124, in the State of Texas." (ECF 59 at 13).

[10] "Protea Hospitality, LLC has the following members: Milu Family, LP, Riva Family, LP, and Dilip Makan." (ECF 59 at 13).

[11] "Pursuant to records available from the Secretary of State for the State of Texas, Riva Family, LP is a limited partnership incorporated in the State of Texas . . . [and] has one general partner, Amram Investments, LLC." (ECF 59 at 14).

diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation."); *Getty Oil Corp.*, 841 F.2d at 1259.

The second type of deficiency in Plaintiffs' Third Amended Complaint pertains to numerous limited partnerships. In thirteen instances, and in relation to nine limited partnerships, Plaintiffs assert that pursuant to "filings" or "records" with the corresponding state's Secretary of State, there is "no record" of the limited partnership having any limited partners. (ECF 59 at 2–14). Plaintiffs allege:

> 28. Pursuant to filings with the Florida Secretary of State, Forum Partners Limited has no record of having limited partners.
> . . .
> 53. Pursuant to records available from the Secretary of State for the State of Texas, there is no record of Nursanickel, Ltd. having limited partners.
> . . .
> 57. Pursuant to records available from the Secretary of State for the State of Texas, there is no record of MP & JP Family, LP having limited partners.[12]
> . . .
> 70. Pursuant to records available from the Secretary of State for the State of Texas, there is no record of Pathapati Family, LP having limited partners.[13]
> . . .
> 84. Pursuant to records available from the Secretary of State for the State of Texas, there is no record of Amit Trehan Family, LP having limited partners.
> . . .
> 118. Pursuant to records available from the Secretary of State for the State of Texas, there is no record of HSY Investments Ltd. having limited partners.
> . . .
> 133. Pursuant to records available from the Secretary of State for the State of Texas, there is no record of APAP Investments, LP having limited partners.
> . . .
> 156. Pursuant to records available from the Secretary of State for the State of Texas, there is no record of Milu Family, LP having limited partners.
> . . .

---

[12] This sentence is repeated in paragraphs 66, 94, and 143. (ECF 59 at 7, 9, 13).

[13] This sentence is repeated in paragraph 103. (ECF 59 at 10).

      162. Pursuant to records available from the Secretary of State for the State of Texas, there is no record of Riva Family, LP having limited partners.

(*Id.* at 4, 6–8, 11–12, 14). For every one of these limited partnerships, Plaintiffs allege that the limited partnership has one general partner and "no record" of any limited partners. (*See id.*).

To determine the citizenship of a partnership, courts must consider the citizenship of all partners of a limited partnership.[14] *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990) ("In sum, we reject the contention that to determine, for diversity purposes, the citizenship of an artificial entity, the court may consult the citizenship of less than all of the entity's members."). "A federal court must look to the citizenship of a partnership's limited, as well as its general, partners to determine whether there is complete diversity." *Id.* at 185.

"Although the *Carden* Supreme Court only addressed single-tiered partnerships, lower courts have consistently applied *Carden*'s holding to multi-tiered partnerships." *Lone Star Fund IV(US) LP v. Lee*, No. 3:09-CV-1614-B, 2010 WL 1790392, at *2 (N.D. Tex. May 5, 2010). For example, the Fifth Circuit analyzed the citizenship of a multi-tiered limited partnership in *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). The Court noted that Appellant Grey Wolf Drilling Company L.P. was a Texas limited partnership with two partners—Grey Wolf Holdings Company, a Nevada corporation with its principal place of business in Texas, and Grey Wolf L.L.C. *Id.* at 1078–79. The Fifth Circuit concluded that the corporation was a citizen of Nevada and Texas, and the limited liability company was a citizen of the same states because its'

---

[14] "The Uniform Partnership Act (UPA) defines a 'partnership' as an association of two or more persons to carry on as co-owners a business for profit." 59A Am. Jur. 2d Partnership § 2 (citing Unif. Partnership Act § 101(6). "Some states have enacted versions of the Uniform Partnership Act that deviate from the official version of the Act by setting forth statutory factors for determining whether a partnership exists." *Id.* § 3. Some states may also rely on common law definitions and factors for evaluating whether a partnership exists. *Id.* § 4. "Thus, it has been held that the three main questions that must be considered in partnership determination are: (1) the intent of the parties, (2) participation in the control of the business, and (3) profit sharing." *Id.*

8

sole member was Grey Wolf Holdings Company. *Id.* at 1078–80; *see Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be").

Here, Plaintiffs fail to properly allege the citizenship of numerous limited partnerships—none of which are parties to this lawsuit themselves, but are alleged to be the second, third, or fourth-tier members or partners of unincorporated entity parties—Plaintiffs Talon Management and Talon OP and Defendant 6Props.[15] (*See* ECF 59 at 2–14). For each of these limited partnerships, Plaintiffs have only alleged that the limited partnership has one general partner and that, pursuant to the Secretary of State's "filings" or "records," there is "no record" of any limited partnerships. (*See id.*). The Court will not draw inferences regarding the citizenship of the nine limited partnerships listed above simply because the Secretary of State's offices in Florida and Texas apparently have no record of the identities of the various limited partners for each entity. *See Getty Oil Corp.*, 841 F.2d at 1259.

Plaintiffs' Third Amended Complaint makes it impossible to determine every party's citizenship. Based on the allegations in Plaintiffs' Third Amended Complaint, this case appears to involve parties who are citizens of numerous different states. For instance, Plaintiffs Talon Management and Talon OP are alleged to be citizens of (at least) Minnesota, Utah, and Florida, and Defendant 6Props is alleged to be a citizen of (at least) Texas, Arizona, New Jersey, Kansas, and the United Arab Emirates. The Court cannot infer that every party whose citizenship has not

---

[15] The Court notes that some of Plaintiffs' pleading deficiencies are related to Defendant 6Props. Although the record reflects that Defendants have provided some information related to the citizenship of each defendant, including a chart which lists the members of Defendant 6Props (*see* ECF 60 at 3; ECF 51 at 19), it may be difficult for Plaintiffs to obtain information on each member—and the partners or members of each of those members, and so on—without jurisdictional discovery or the filing of a Certificate of Interested Persons by Defendants, pursuant to Rule 7.1 of the Federal Rules of Civil Procedure and Local Rules 3.1(c), 3.2(e), 7.4, 81.1(a)(4)(D), and 81.2. Conversely, the Court also notes that some of the deficiencies are related to entities that are connected to Plaintiffs Talon Management and Talon OP.

been properly pleaded is not a citizen of a state which would destroy diversity jurisdiction. *See Vantage Drilling Co.*, 741 F.3d at 537; *Getty Oil Corp.*, 841 F.2d at 1259; *Howery*, 243 F.3d at 916. Because Plaintiffs fail to properly allege every party's citizenship, this Court is thereby not shown to have subject matter jurisdiction. *See Am. Motorists Ins. Co. v. Am. Emp'rs' Ins. Co.*, 600 F.2d 15, 16 (5th Cir. 1979) (per curiam).

## IV.    RECOMMENDATION

For the above reasons, the undersigned recommends that Plaintiffs' Third Amended Complaint (ECF 59) be dismissed without prejudice for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(h)(3).

## V.    INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions, and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED October 1, 2020.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions, and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). *Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed* as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions, and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).