IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



TALON MANAGEMENT SERVICES,      §
LLC, TALON OP., LP, and TALON     §
REAL ESTATE HOLDING              §
CORPORATION,                     §
                                 §
          Plaintiffs,            §
                                 §
v.                               §      2:19-CV-205-Z
                                 §
GOLIATH ASSET MANAGEMENT,        §
LLC, 6PROPS, LLC, DINISH PATEL,  §
and MILAN PATEL,                 §
                                 §
          Defendants.            §

**ORDER OVERRULING PLAINTIFFS' OBJECTIONS AND
ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS**

On October 1, 2020, the United States Magistrate Judge entered findings and conclusions

(ECF 61) on Plaintiffs' Third Amended Complaint (ECF 59). The Magistrate Judge

RECOMMENDS that Plaintiffs' Third Amended Complaint be DISMISSED without prejudice

for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(h)(3). *Id.* at 1.

Plaintiffs filed objections to the findings, conclusions, and recommendation on October 14, 2020

(ECF 63), to which Defendants did not respond.

After making an independent review of the pleadings, files, and records in this case, the

findings, conclusions, and recommendation of the Magistrate Judge, and Plaintiffs' objections, the

Court concludes that the findings and conclusions are correct. For the reasons below, Plaintiffs'

objections are OVERRULED.

**PLAINTIFFS' OBJECTIONS**

Plaintiffs do not dispute the Magistrate Judge's conclusion that their Third Amended Complaint fails to establish subject matter jurisdiction exists 28 U.S.C. § 1332. Instead Plaintiffs make two objections to the Magistrate Judge's recommendation that the District Court dismiss this case without prejudice for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(h)(3).

First, Plaintiffs object to dismissal on the grounds that "the majority of the [jurisdictional] issues found by the Magistrate were scrivener's errors" which the Plaintiffs "should be allowed to correct." *See* ECF No. 63 at 4. Second, Plaintiffs object, arguing that the remaining jurisdictional deficiencies that the Magistrate Judge identified in their Third Amended Complaint "relate to the limited partners of second, third, and fourth-tier owners of the Defendants," and that Plaintiffs "are unable to fully trace the full ownership structure" of Defendants through publicly available information. *See id.* at 7. Instead of dismissing this action, Plaintiffs ask the Court to order Defendants to file a Statement of Interested Parties, pursuant to Federal Rule of Civil Procedure 7.1 and Local Civil Rule 7.4. *Id.* at 7. Alternatively, Plaintiffs ask the Court to allow the parties 60 days to conduct discovery for the limited purpose of determining subject matter jurisdiction. *Id.* at 8. Neither objection is sufficient for this Court to set aside the Magistrate Judge's findings and conclusions.

*A. Plaintiffs' First Objection*

First, the Magistrate Judge did not err in finding that, because of scrivener's errors, the Plaintiffs' Third Amended Complaint fails to allege the citizenship of Defendants Rajun Patel, Ravi Patel, and all members of Amram Investments LLC. Plaintiffs do not dispute the scrivener's

errors. Instead, Plaintiffs argue that these errors do not warrant dismissal of the Third Amended Complaint, and that they should be allowed to correct them. ECF No. 63 at 4.

This argument is unpersuasive. In support of its position, Plaintiff cites opinions from the Northern District of Texas, the Eastern District of Texas, and the Middle District of Pennsylvania, which all hold that a District Court may excuse a scrivener's error or contradiction in an Administrative Law Judge's ("ALJ") finding of fact where the ALJ's intent is apparent. *See e.g. Gatewood v. Berryhill*, No. 5:16 CV-060-BQ ECF, 2017 WL 1737904, at *3 (N.D. Tex. Mar. 14, 2017); *Wills v. Colvin*, No. 1:14-CV-504, 2016 WL 792693, at *6 (E.D. Tex. Mar. 1, 2016); *.Madison v. Astrue*, No. CIV. A. 3:CV-07-364, 2008 WL 2962337, at *6 (M.D. Pa. July 29, 2008). Yet, the Plaintiff cites no legal authority in this argument holding that this Court may excuse scrivener's errors in a party's pleadings in order to presume diversity of citizenship jurisdiction.

Indeed, Article III courts are courts of limited jurisdiction which possess only that power authorized by the Constitution and statute. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). This jurisdiction is not to be expanded by judicial decree. *Id.* It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of proving the contrary rests upon the party asserting jurisdiction. *Id.* As the Magistrate Judge notes, where plaintiffs do not affirmatively establish subject matter jurisdiction, the action must be dismissed. *See* ECF No. 61 at 4 (citing *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1998)). "The basis upon which jurisdiction depends . . . cannot be established by mere inference." *Id.* Here, by imploring the Court to overlook the aforementioned scrivener's errors in its Third Amended Complaint, Plaintiffs ask the Court to do just that—establish diversity of citizenship by mere inference. The Court cannot do so. *See* FED. R. CIV. P. 12(h)(3).

3

Nor will the Court grant Plaintiffs leave to amend their complaint a fourth time to correct the errors. After detailing the pleading deficiencies in the Plaintiffs' Second Amended Complaint, the Magistrate Judge gave Plaintiffs clear warning that she would recommend that this action be dismissed without prejudice for want of subject matter jurisdiction if the Plaintiffs failed to cure "all remaining subject matter jurisdiction deficiencies." ECF No. 57 at 2. Despite this warning, Plaintiffs' Third Amended Complaint again failed to establish subject matter jurisdiction.

Leave to amend a complaint "is by no means automatic" and "motions to amend are entrusted to the sound discretion of the district court." *Jones v. Robinson Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (cleaned up). "In deciding whether to grant leave to amend, the Court should consider (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failures to cure deficiencies by amendments previously allowed, (4) undue prejudice to the opposing party by virtue of allowance of the amendment, and (5) the futility of the amendment." *Id.* (cleaned up). Here, the Plaintiffs have repeatedly failed to cure jurisdictional deficiencies after the Magistrate Judge has given them leave to do so. Thus, the Court in its discretion declines to extend Plaintiffs another opportunity to amend its complaint to correct the scrivener's errors. Therefore, Plaintiffs' first objection is overruled.

### B. Plaintiffs' Second Objection

Second, the Magistrate Judge did not err in finding that Plaintiffs' Third Amended Complaint fails to properly allege the citizenship of nine limited partnerships alleged to be "second, third, or fourth-tier members or partners of unincorporated entity parties, specifically Plaintiffs Talon Management, Talon OP, and Defendant 6Props." *See* ECF No. 61 at 7. Plaintiffs do not dispute the Magistrate Judge's finding that they have failed to allege the citizenship of certain limited partnerships. ECF No. 63 at 3. Instead Plaintiffs ask the Court to require Defendants

to comply with Federal Rule of Civil Procedure 7.1 and various Local Civil Rules requiring disclosure of interested parties; or, alternatively, that the Court grant the Plaintiffs leave to conduct jurisdictional discovery. *Id.* at 6–8.

First, Plaintiffs argue that requiring the Defendants to file a Certificate of Interested Persons pursuant to Local Civil Rules 3.1(e), 3.2(e) and 7.4 "would assist this Court with identifying the citizenship of all the entities affiliated with the Defendants in these proceedings." [1] ECF No. 63 at 8. This argument is of no moment. While Plaintiffs' assertion that Defendants failed to comply with the Local Rules may be true, requiring Defendants to submit a Certificate of Interested Persons at this stage would not remedy any of the jurisdictional deficiencies on the face of Plaintiffs' Third Amended Complaint. The Court has already stated its intention to deny Plaintiffs further leave to amend because of "repeated failures to cure deficiencies by amendments previously allowed." *See Jones*, 427 F.3d at 994. As a result, the Plaintiffs' request is denied.

Plaintiffs further argue that they should be permitted to seek discovery for the limited purpose of determining subject matter jurisdiction. *See* ECF No. 63 at 8. In support of this argument, Plaintiff relies on two Northern District of Texas cases in which the Courts granted limited jurisdictional discovery to establish corporate citizenship. *See Unified 2020 Realty Partners, L.P. v. Proxim Wireless Corp.*, Civil Action No. 3:11-CV-0861-D, 2011 WL 2650199 at \*2 (N.D. Tex. July 6, 2011); *Murchison Capital Partners, L.P. v. Nuance Communications, Inc.*, No. 3:12-CV-4749-P, 2013 WL 12094167 at \*3 (N.D. Tex. Mar. 22, 2013).

The Courts in both *Unified 2020 Realty Partners, L.P.* and *Murchison Capital Partners L.P.* ordered jurisdictional discovery where the *opposing party* possessed information that might

---

[1] Federal Rule of Civil Procedure 7.1(a) is only relevant here insofar as the Local Civil Rules 3.1(e) and 3.2(e) require parties to provide information required by FED. R. CIV. P. 7.1. Absent these local rules, Defendants, as unincorporated entities and individuals, would not need to comply with Rule 7.1 because they are not "corporate parties."

establish diversity of citizenship jurisdiction. *See Unified 2020 Realty Partners L.P.*, 2011 WL 2650199 at \*2 ("[T]he court in its discretion will allow Equant to conduct limited jurisdictional discovery. It appears to be beyond cavil that United 2020 possesses the information that Equant seeks. . . *); see also. Murchison Capital Partners L.P.*, 2013 WL 12094167, at \*3 ("Counsel for Plaintiffs possesses citizenship information which it has refused to disclose, and which is not otherwise publicly available") Here, Plaintiffs make no assertion that Defendants or Defendants' counsel know the actual citizenship of the relevant limited partnerships. Further, Plaintiffs' have not even properly alleged citizenship of the limited partnerships that compose their own companies. *See* ECF No. 59 at 2–3 ("Pursuant to the filings with the Florida Secretary of State, Forum Partners Limited has no record of having limited partners"). Therefore, in its discretion, the Court declines to permit jurisdictional discovery here, and overrules Plaintiffs' second objection.

CONCLUSION

For the reasons above, it is therefore ORDERED that Plaintiffs' objections are overruled and the FCR is ADOPTED. The Plaintiffs' Third Amended Complaint is hereby DISMISSED without prejudice under Federal Rule of Civil Procedure 12(h)(3).

**SO ORDERED.**

November  _13_ , 2020.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE